

**SIGNED this 10th day of May, 2018**

/s/ Shelley D. Rucker
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE

In re:

GLENN EDWIN ELLIS and
SHARON DENISE ELLIS
    Debtors;

No. 1:17-bk-13695-SDR
Chapter 7

JERROLD D. FARINASH, TRUSTEE,

    Plaintiff;

v.

Adversary Proceeding
No. 1:17-ap-1051-SDR

ROBERT H. ELLIS and
ABBEY L. ELLIS,

    Defendants.

1

*Appearances for the Plaintiff*

>Jerrold D. Farinash
>Farinash & Stofan
>100 West MLK Blvd., Ste. 816
>Chattanooga, TN 37402

*Appearances for the Defendants*

>David J. Fulton
>Scarborough & Fulton
>620 Lindsay St., Ste. 240
>Chattanooga, TN 37403

**MEMORANDUM**

On October 13, 2017, the Chapter 7 Trustee, Jerrold D. Farinash ("Trustee" or "Plaintiff") filed a complaint in this adversary proceeding against Robert and Abbey Ellis ("Defendants") seeking to set aside an alleged fraudulent transfer of real property pursuant to 11 U.S.C. § 548. [Doc. No. 1, Complaint].[1] The Trustee alleges that when the Debtors transferred the property to the Defendants they received less than reasonably equivalent value in exchange at a time when they were insolvent or made insolvent by the transfer. [*Id.* at 2]. The Trustee seeks to recover a judgment against the Defendants in the amount of $43,108.38, which represents the amount of equity that he contends was "gifted" by the Debtors to the Defendants. [*Id.* at 2-3].

The Defendants filed an answer on December 6, 2017. [Doc. No. 6]. On February 22, 2018, the Trustee filed a motion for summary judgment. [Doc. No. 12]. In his accompanying memorandum, the Trustee contends that he served requests for admissions on both Defendants on January 3, 2018, and that both Defendants failed to respond. [Doc. No. 13, at 1-2]. The Trustee argues that by failing to respond, the Defendants have admitted the essential elements of

---

[1] All docket entry reference numbers refer to docket entries for Adversary Proceeding No. 1:17-ap-1051-SDR, unless otherwise noted.

2

his cause of action and that he is entitled to summary judgment as a matter of law. [*Id.* at 2].

On March 28, 2018, the Defendants filed a response to the Trustee's motion for summary judgment and statement of undisputed facts along with a memorandum brief. [Doc. Nos. 19-21]. The Defendants acknowledge that their failure to respond to the Trustee's requests for admissions constitutes an admission that those requests are accurate. [Doc. No. 20, at 1]. However, the Defendants contend that the Trustee's requests did not ask the Defendants to admit that $43,108.38 in equity was "gifted" to the Defendants or that the property in question was worth the purchase price of $216,500. [*Id.*]. The Defendants have attached documents, including two appraisals, to support their position that the true value of the property was not in fact $216,500, but was appraised by one appraiser at a lower value, negating the equity "gift" reflected on the settlement statement. The Defendants also offer an alternative explanation for the "gift of equity" reference on the closing statement. The Plaintiff has not filed an objection to any of the statements made in the Defendants' response or to the court's consideration of the appraisals attached to the Defendants' response.

The court has reviewed the motion for summary judgment, the pleadings and briefing filed by the parties, the record, and the applicable law. For the reasons explained below, the court will DENY the Trustee's motion for summary judgment.

## I.  Facts

Federal Rule of Civil Procedure 36, incorporated into this adversary proceeding by Federal Rule of Bankruptcy Procedure 7036, permits one party to request admissions from another party pertaining to a broad range of matters, including ultimate facts and the application of law to fact. *Goodson v. Brennan*, 688 F. App'x 372, 375 (6th Cir. 2017). Rule 36 provides that "[a] matter *is admitted unless*, within 30 days after being served, the party to whom the request is

directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3) (emphasis added). Further, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Accordingly, as the Defendants acknowledge, because they failed to respond or file an objection to the Trustee's request for admissions, the following facts have been admitted and conclusively established for purposes of this motion for summary judgment.

The Debtors filed their Chapter 7 voluntary bankruptcy petition on August 14, 2017. [Statement of Undisputed Facts, Doc. No. 14, at 1; Bankr. Case No. 1:17-bk-13695-SDR, Doc. No. 1]. Defendant Robert Ellis is the Debtors' son, and Defendant Abbey Ellis is their daughter-in-law. [Doc. No. 14, at 2, Doc. No. 15, at 5, 10].

On or about October 25, 2016, the Debtors conveyed real property located at 7040 Sims Road, Harrison, Hamilton County, Tennessee, to the Defendants. [Doc. No. 14, at 1; Doc. No. 15, at 5, 10]. The deed, which is attached as an Exhibit A to the Trustee's Statement of Undisputed Facts, indicates that the consideration paid was $216,500. [Doc. No. 14, at 4]. The parties agree that the Defendants obtained a loan to purchase the Debtors' house. There is no dispute that the Defendants did not pay the stated purchase price of $216,500 with cash or loan proceeds.

The closing statement for the sale of the property, which is attached as Exhibit B to the Complaint, indicates that after paying off three mortgages on the property, property taxes, closing costs, and various fees, the Debtors made a "Gift of Equity" in the amount of $43,108.38 to the Defendants. [Doc. No. 1, Ex. B; Doc. No. 15, at 5, 10]. This gift of equity equals the difference between the available loan proceeds and the stated purchase price. [Doc. No. 1, at 9].

Although the Defendants have admitted that the closing statement shows a gift of equity, they do not admit that the value of the real property was $216,500. [Doc. No. 20, at 1]. They have provided one appraisal that shows the property was worth only $180,000. [Doc. No. 19-2, Ex. B, at 4]. They have also provided a second, later appraisal that shows a value of $233,000. [Doc. No. 19-3, Ex. C, at 2]. Both were prepared within two months prior to the closing.[2] The Defendants contend that the amount indicated on the closing statement as a "gift of equity" was a fiction created by the parties to the loan closing to create the impression that there was equity in the property in excess of 20% of the value in order to protect the lender and avoid the requirement of mortgage insurance. [Doc. No. 20, at 3]. The Defendants argue that the sales price does not reflect the property's true value but rather the amount needed to pay off the liens against the house plus the closing costs plus an equity cushion sufficient to avoid the payment of mortgage insurance. [*Id.*].

On their bankruptcy schedules, the Debtors listed $10,900 in assets and $86,479.62 in liabilities as of the date of filing their petition. [Doc. No. 1, at 15; Doc. No. 15, at 5-6, 10-11]. The Defendants admitted that between the date of the transfer and the date of filing bankruptcy, the Debtors did not own any assets worth more than $10,000 or incur any debt in excess of $10,000 and that there was no material change in their solvency during this time period. [Doc.

---

2 The court recognizes that the appraisals are not accompanied by affidavits of the appraisers. The court notes that Federal Rule of Civil Procedure 56 was amended in 2010 to eliminate the "unequivocal requirement that documents submitted in support of a summary judgment motion must be authenticated." *Foreword Magazine, Inc. v. OverDrive, Inc.*, No. 1:10-cv-1144, 2011 WL 5169384, at *2 (W.D. Mich. Oct. 31, 2011). The rule now provides that a party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record" including documents. Fed. R. Civ. P. 56(c)(1)(A). It is then incumbent upon the opposing party to object and demonstrate that the fact "*cannot be* presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2) (emphasis added); *see also Ganesh v. United States*, 658 F. App'x 217, 220 (6th Cir. July 28, 2016) (noting that amended Rule 56 "specifically 'omit[s] as unnecessary' '[t]he requirement that a sworn or certified copy of a paper referred to in an affidavit or declaration be attached to the affidavit or declaration.'" (quoting Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment)). In this case, no objection was made by the Trustee, and the court has, therefore, considered the appraisals submitted by the Defendants for purposes of summary judgment.

No. 15, at 6-7, 11-12]. They also admitted that they were insolvent on the date of filing the petition. [*Id.* at 7, 12].

## II. Jurisdiction

28 U.S.C. §§ 157 and 1334, as well as the general order of reference entered in this district, provide this court with jurisdiction to hear and decide this adversary proceeding. The Plaintiff's action regarding a fraudulent transfer is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(H).

## III. Standard of Review

Federal Rule of Bankruptcy Procedure 7056 makes Federal Rule of Civil Procedure 56 applicable to bankruptcy adversary proceedings. *See* Fed. R. Bank. P. 7056. Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The burden is on the moving party to show conclusively that no genuine issue of material fact exists, and the Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Morris v. Crete Carrier Corp.*, 105 F.3d 279, 280-81 (6th Cir. 1997); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Kava v. Peters*, No. 09-2327, 2011 WL 6091350, at *3 (6th Cir. Dec. 7, 2011).

Once the moving party presents evidence sufficient to support a motion under Fed. R. Civ. P. 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. The nonmoving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *60 Ivy Street*, 822 F.2d at 1435. The moving party is entitled to summary

6

judgment if the nonmoving party fails to make a sufficient showing on an essential element of the nonmoving party's case with respect to which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

IV. Analysis

The Trustee's motion for summary judgment seeks judgment as a matter of law pursuant to 11 U.S.C. § 548, which allows a trustee to:

> avoid any transfer . . . of an interest of the debtor in property, or any obligation . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily –
> . . . .
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation[.]

11 U.S.C. § 548(a)(1). The Trustee bears the burden of proving each requisite element by a preponderance of the evidence. *See Lisle v. John Wiley & Sons (In re Wilkinson)*, 2006 WL 2380887, 196 F. App'x 337, 341 (6th Cir. Aug. 17, 2006).

In reviewing the undisputed facts and the Defendants' proffered evidence, the court sees no genuine dispute related to: (1) whether there was a transfer of the Debtors' property; (2) whether the transfer was made within two years before the filing of bankruptcy; or (3) whether the Debtors were insolvent on the date of the transfer or were made insolvent as a result.[3] Thus, the only remaining element for the court to consider is whether the Debtors received less than reasonably equivalent value in exchange for the transfer. *See* 11 U.S.C. § 548(a)(1)(B)(i).

---

3 The Defendants have admitted that the Debtors were insolvent on the date of filing their petition, having listed on their schedules total assets of $10,900 and total liabilities of $86,479.72. [Doc. No. 1, at 15; Doc. No. 15, at 5-6, 10-11]. They also admitted that between the date of the transfer and the date of filing bankruptcy, the Debtors did not own any assets worth more than $10,000 or incur any debt in excess of $10,000 and that there was no material change in their solvency during this time period. [Doc. No. 15, at 6-7, 11-12]. Based on these admissions, there appears to be no genuine dispute as to whether the Debtors were insolvent at the time of the transfer. They had $75,000 more liabilities than assets. Even assuming there was $43,000 in equity in the house, the Debtors' liabilities still exceeded their assets at the time of the transfer.

The statute defines "value" as "property, or satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor . . . ." 11 U.S.C. § 548(d)(2)(A). 11 U.S.C. § 550 allows a trustee to recover property for the benefit of the estate where a court has avoided transfer of the property pursuant to 11 U.S.C. § 548. 11 U.S.C. § 550.

The Sixth Circuit Bankruptcy Appellate Panel has addressed the meaning of "reasonably equivalent," which is undefined in the Bankruptcy Code. *See Congrove v. McDonald's Corp. (In re Congrove)*, No. 04-8049, 330 B.R. 880, 2005 WL 2089856, at *3 (B.A.P. 6th Cir. 2005) *aff'd*, 222 F. App'x 450 (6th Cir. 2007). In *In re Congrove*, the Sixth Circuit Bankruptcy Appellate Panel noted that:

> In determining whether value is reasonably equivalent, focus should be placed upon the consideration received by the debtor rather than the value given by the transferee:
>
> [T]he proper focus is on the net effect of the transfers on the debtor's estate, the funds available to unsecured creditors. As long as the unsecured creditors are no worse off because the debtor, and consequently the estate, has received an amount reasonably equivalent to what it paid, no fraudulent transfer has occurred.
>
> "[I]t is clear that the debtor need not collect a dollar-for-dollar equivalent to receive reasonably equivalent value."

*Id.* (quoting *Harman v. First Am. Bank (In re Jeffrey Bigelow Design Group, Inc.)*, 956 F.2d 479, 484 (4th Cir. 1992) and *Butler Aviation Int'l, Inc. v. Whyte (In re Fairchild Aircraft Corp.)*, 6 F.3d 1119, 1125-26 (5th Cir. 1993)).

In general, where the central issue in dispute is whether a debtor received reasonably equivalent value in exchange for a transfer, the question is one of fact. *See In re Wilkinson*, 196 F. App'x at 341 (citing *In re Humble*, 19 F. App'x 198, 200 (6th Cir. 2001)); *Webb Mtn, LLC v. Executive Realty Partnership, L.P. (In re Webb Mtn, LLC)*, 420 B.R. 418, 432-33 (Bankr. E.D.

Tenn. 2009). In *In re Wilkinson* the Sixth Circuit further instructed that "[a] court considering this question should first determine whether the debtor received *any* value in the exchange. If so, the court should determine if the value received was reasonably equivalent." 196 F. App'x at 341 (citation omitted) (emphasis in original). Further, "'[i]n assessing whether a challenged transfer is supported by reasonably equivalent value, courts generally compare the value of the property transferred with the value of that received in exchange for the transfer.'" *In re Webb Mtn, LLC*, 420 B.R. at 433 (quoting *Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 707 (6th Cir. 1999)). Courts may consider fair market value or the elimination of an antecedent debt as factors in this assessment. *Id.* The concept of "reasonably equivalent value" need not be "esoteric," but instead "a party receives reasonably equivalent value for what it gives up if it gets 'roughly the value it gave.'" *Id.* (quoting *VFB, LLC v. Campbell Soup Co.*, 482 F.3d 624, 631 (3d Cir. 2007)).

Applying these holdings to the case at hand, the court has before it the closing statement, which states that the value of the property was $216,500 of which the Debtors received approximately $173,000 in the form of proceeds and satisfaction of the existing mortgages. The Defendants have presented an appraisal which values the property at $180,000. If that appraisal is accurate, then the value of the property is roughly equivalent to the consideration the Debtors received, and the transfer did not have any detrimental effect on their estate. If the Debtors still owned the property, there would be little or no equity for the unsecured creditors after the expenses of the sale. The court finds that the Defendants have come forward with evidence that creates a genuine issue of fact as to whether the property was worth $216,500 or $180,000. Depending on what value the court determines is correct, the court will have to consider whether that value is reasonably equivalent to the $173,000 the Debtors did receive as consideration.

Because there is a question of fact for the court to consider, summary judgment is not appropriate at this time.

## V. Conclusion

The court finds that there is a genuine issue of fact as to whether the Debtors received reasonably equivalent value for the real property transfer to the Defendants. Accordingly, the court hereby DENIES the Trustee's motion for summary judgment.

A separate order will enter.

# # #